831 F.2d 1058
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert Ronald CHRISTIAN, Defendant-Appellant.
 No. 87-5048.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 19, 1987.
Decided Oct. 21, 1987.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, Chief District Judge. (CR-86-486-H).
 Fred Warren Bennett, Federal Public Defender, Richard Bardos, Assistant Federal Public Defender, Wanda Robinson, Assistant Federal Public Defender on brief for appellant.
 Breckinridge L. Willcox, United States Attorney, Joyce K. McKee, Assistant United States Attorney on brief for appellee.
 D.Md.
 AFFIRMED.
 Before HARRISON L. WINTER, Chief Judge, K.K. HALL, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 A jury convicted Albert Ronald Christian, Jr. of three charges of theft from interstate commerce in violation of 18 U.S.C. Secs. 659 and 2. He appeals, assigning as the sole ground of reversal the district court's response to a question from the jury posed during its deliberations. We affirm.
 
 
 2
 Christian's trial took three days. The proof of his guilt was largely circumstantial. After the jury had deliberated approximately two hours, it sent a written question to the district judge: "What happens if we can't agree?" Over the objection of Christian who asked that the jury be told not to concern itself with subsequent events which were beyond its control and to decide the case on the evidence before it, the district court told the jury:
 
 
 3
 The answer is that if the jury can't agree in a case, it may have to be retried. And this case might have to be retried.
 
 
 4
 You have only been deliberating about two hours, so let me suggest that you return to the juryroom and continue your deliberations. We will ask the jury to return to the juryroom at this time and continue deliberations. Let me ask counsel to remain for a minute.
 
 
 5
 Christian argues that the district court's response to the jury's question improperly influenced the jury and tainted the subsequent verdict which the jury returned approximately one hour thereafter. Christian cites no direct authority supporting his contention, and we have found none. We are not persuaded that the district court's response was coercive. It did not suggest how the jury should decide or that it must decide. It stated no more than the obvious, that the case may and might have to be retried, and that was a direct, truthful answer to the question posed by the jury. We thus see no basis on which to disturb the verdict upon which the judgment of conviction rests.
 
 
 6
 Because the decisional process would not be aided by oral argument, we have declined to hear counsel. The judgment of the district court is
 
 
 7
 AFFIRMED.